# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME JORDAN,<br><br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>CITY OF EL CENTRO POLICE DEPT.,<br>et al.,<br><br>　　　　　　　　　　　Defendant. | CASE NO. 05cv930 BTM (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER SETTING ASIDE DISMISSAL [Doc. #28]** |

Plaintiff, a prisoner at R.J. Donovan State Prison who is proceeding pro se, has filed a motion to set aside the Court's prior order of dismissal. On February 27, 2006, the Court entered an order granting the pending motions to dismiss filed by Defendants El Centro Police Department and officers Mark Segal and Ray Bonillas. In that order, the Court identified a number of deficiencies in Plaintiff's complaint and granted Plaintiff until March 24, 2006 to file an amended complaint which corrected the noted deficiencies. The Court indicated that Imperial County Sheriff's Deputy Joe Alvarez had been named as a Defendant, though the docket did not reflect service upon him. Nonetheless, the Court explained that the claims against Deputy Alvarez would fail for the same reasons that Plaintiff's claims against the El Centro Police Department and its officers fail and, thus, the Court would dismiss the claims against Deputy Alvarez as well. The Court instructed Plaintiff that, if he wished to proceed against Deputy Alvarez, he would be required to serve any amended complaint upon Deputy Alvarez within 30 days of filing such complaint.

It was unclear whether Plaintiff intended to name the Imperial County Sheriff's Department as a Defendant as well because it is not listed specifically among the Defendants in the "Parties" section of the complaint. However, it was the Court's intention in the previous order to dismiss both Deputy Alvarez and the Sheriff's Department, if indeed it were a Defendant. See, e.g., 2/27/06 Order at 9 ("If Plaintiff wishes to proceed in an action against the *Imperial County Sheriff's Department or Sheriff Joe Alvarez*, he must properly serve any amended complaint on them within 30 days of filing the amended complaint.") (emphasis added).

Plaintiff failed to file an amended complaint and the Court entered judgment dismissing Plaintiff's action against Defendants El Centro Police Department and officers Mark Segal and Ray Bonillas on May 11, 2006. On June 12, 2006, the Court, construing it as a motion for relief under Fed. R. Civ. P. 60, denied Plaintiff's motion to allow him to amend his complaint after the time allotted in the Court's prior order due to extraordinary circumstances beyond his control.

On February 20, 2007, Plaintiff filed the present motion requesting that the Court set aside its prior order of dismissal. In support of his motion, Plaintiff has submitted a process receipt which he contends indicates that the United States Marshal did serve process of Plaintiff's original summons and complaint upon Deputy Alvarez in September 2005. However, the form does not reflect completed service, only that the Marshal received the summons for the purpose of service. Nevertheless, as was explained by the Court in its February 2006 order, the claims against Deputy Alvarez suffered from the same deficiencies as those against the other Defendants. Accordingly, Plaintiff's claims against Deputy Alvarez were not dismissed for failure to serve the complaint but, rather, for failure to properly state a claim upon which relief could be granted. Therefore, even if Plaintiff provided proof that his original complaint had been served upon Deputy Alvarez, this would simply be unavailing. Plaintiff's failure to timely file an amended complaint which corrected the deficiencies identified in the Court's prior order required the dismissal of his claims against all Defendants.

Accordingly, Plaintiff's motion is **DENIED** and the Clerk is directed to enter final judgment dismissing the action against all remaining Defendants.[1]

**IT IS SO ORDERED.**

DATED: May 21, 2007

Hon. Barry Ted Moskowitz
United States District Judge

---

[1] Plaintiff has included a request for the Court to provide him an attorney along with his motion papers. Plaintiff claims that he suffers from a disability covered under the Americans with Disabilities Act, which "makes it hard for [him] to read, write and/or understand material regarding [his] case." As the Court's ruling is premised upon the deficiencies of Plaintiff's original complaint and his prior failure to timely amend his complaint, the Court finds that provision of an attorney at this point will not substantially aid Plaintiff.